UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: **02-80053**

18 U.S.C. §1623(a)

R-MIDDLEBROOKS

UNITED STATES OF AMERICA,

Plaintiff,

MAGISTRATE JUDGE
JOHNSON

vs.

RICHARD HASNER,
and
JAY HASNER,

Defendants.
_____/

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE

On or about September 13, 2000 and September 20, 2000, at West Palm Beach, in Palm Beach County, in the Southern District of Florida, the defendant,

RICHARD HASNER,

did knowingly and willfully make false, fictitious and fraudulent material statements while under oath in a proceeding before a grand jury of the United States, that is, West Palm Beach Grand Jury 99-01, the sum and substance of the false statements being that Lloyd Hasner did not receive a real estate commission on the Chelsea Commons project; that Lloyd Hasner was never an officer in Castle Florida Builders, Inc.; and that the $1500 check the defendant Richard Hasner received from Hasner Realty Corporation signed by Lloyd Hasner dated June 27, 1997 was for a loan repayment,



when the defendant Richard Hasner then and there well knew that Lloyd Hasner did receive a real estate commission on the Chelsea Commons project; that Lloyd Hasner was an officer in Castle Florida Builders, Inc.; and that the $1500 check the defendant received from Hasner Realty Corporation signed by Lloyd Hasner dated June 27, 1997 was not for any loan repayment, all of which were material facts with regard to the grand jury investigation, namely Lloyd Hasner's deprivation of honest services as Chairman of the Palm Beach County Housing Finance Authority.

All in violation of Title 18, United States Code, Section 1623(a).

## COUNT TWO

On or about January 31, 2001, at West Palm Beach, in Palm Beach County, in the Southern District of Florida, the defendant,

## JAY HASNER,

did knowingly and willfully make false, fictitious and fraudulent material statements while under oath in a proceeding before a grand jury of the United States, that is, West Palm Beach Grand Jury 99-01, the sum and substance of the false statements being that he and Lloyd Hasner did not agree to share the real estate commission on the Chelsea Commons project; that the defendant Jay Hasner never participated in any conversation with Lloyd Hasner or Lisa Fisher concerning the real estate commission to be earned on the Chelsea Commons project or switching the commission to another project; and that the defendant Jay Hasner never participated in any conversation with Lloyd Hasner discussing the receipt of monies earned on the Chelsea Commons project in a different manner after Lloyd Hasner declared that he was not going to receive those monies, when the defendant Jay Hasner then and there well knew that he and Lloyd Hasner agreed to share the real estate commission on the

Chelsea Commons project; that the defendant Jay Hasner participated in conversations with Lloyd Hasner or Lisa Fisher concerning the real estate commission to be earned on the Chelsea Commons project and switching the commission to another project; and that the defendant Jay Hasner participated in conversations with Lloyd Hasner discussing the receipt of monies earned on the Chelsea Commons project in a different manner after Lloyd Hasner declared that he was not going to receive those monies, all of which were material facts with regard to the grand jury investigation, namely Lloyd Hasner's deprivation of honest services as Chairman of the Palm Beach County Housing Finance Authority.

All in violation of Title 18, United States Code, Section 1623(a).

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
JOHN S. KASTRENAKES
ASSISTANT UNITED STATES ATTORNEY

_____
BRUCE E. REINHART
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 02-80053

v.

CERTIFICATE OF TRIAL ATTORNEY*

RICHARD HASNER and
JAY HASNER

Superseding Case Information: MIDDLEBROOKS

**Court Division:** (Select One)

New Defendant(s)       Yes ___  No ___
Number of New Defendants  ___
Total number of counts    ___

___ Miami   ___ Key West
___ FTL   _X_ WPB  ___ FTP

MAGISTRATE JUDGE
JOHNSON

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect _____

4. This case will take _9_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days       ___      Petty     ___
   II   6 to 10 days      _X_      Minor     ___
   III  11 to 20 days     ___      Misdem.   ___
   IV   21 to 60 days     ___      Felony    _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of N/A
   Rule 20 from the N/A     District of _____

   Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No  If yes, was it pending in the Central Region? ___ Yes _X_ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

JOHN S. KASTRENAKES
ASSISTANT UNITED STATES ATTORNEY
FL Bar No. 312827

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: RICHARD HASNER

Count # 1: 02-80053 CR-MIDDLEBROOKS

MAGISTRATE JUDGE
JOHNSON

*Max. Penalty: 5 Years Imprisonment ; $ 250,000 Dollar Fine;

Count #:

*Max. Penalty:

Count # :

*Max. Penalty:

Count # :

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name: <u>JAY HASNER</u>

02-80053 CR-MIDDLEBROOKS

Count # 2: _____

MAGISTRATE JUDGE
JOHNSON

*Max. Penalty: <u>5 Years Imprisonment ; $ 250,000 Dollar Fine;</u>

Count #:

*Max. Penalty:

Count # :

*Max. Penalty:

Count # :

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96